**JUDGE BUCHWALD**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

STAR TANKERS LTD.,

               Plaintiff,

  - against -

WILMAR TRADING PTE LTD.,

               Defendant.

-----------------------------------------------------------------X

**07 CV 3150**

07 CV _____

ECF CASE

RECEIVED

APR 10 2007

U.S.D.C. S.D.N.Y.
CASHIERS

### VERIFIED COMPLAINT

      Plaintiff, STAR TANKERS LTD. (hereafter referred to as "Plaintiff"), by and through its

attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant,

WILMAR TRADING PTE LTD. (hereinafter "Defendant"), alleges, upon information and

belief, as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

      2.     At all times material to this action, Plaintiff was, and still is, a foreign company

duly organized and operating under foreign law with a place of business at St. George's Court,

Upper Church Street, Isle of Man.

      3.     Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity, organized under, and existing by virtue of foreign law with a place of

business at 56 Neil Road, Singapore 088830.

### FIRST CAUSE OF ACTION

      4.     At all material times, Plaintiff was the Owner of the M/V MERKUR (the

"Vessel").

5.     Pursuant to a charter party dated November 13, 2006, Plaintiff chartered the Vessel to Defendant.

6.     Under the terms of the charter party contract, Defendant was obligated to pay to Plaintiff demurrage at the rate of $21,000 per day, pro rata.

7.     During the course of the charter Defendant incurred demurrage charges in the sum of $308,822.79 which was due and payable to the Plaintiff, but which Defendant refused to pay despite Plaintiff's due demand.

8.     As a result of Defendant's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $308,822.79, exclusive of interest, arbitration costs and attorney's fees.

9.     Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

10.    In accordance with the charter party contact, Plaintiff has commenced arbitration proceedings in London on its claims.

11.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Demurrage claim: | $308,822.79 |
| B. | Estimated interest on claims:<br>2 years at 7.%, compounded quarterly | $45,978.09 |
| C. | Estimated attorneys' fees: | $85,000.00 |
| D. | Arbitration costs/expenses: | $15,000.00 |
| **Total** | | **$454,800.08** |

## SECOND CAUSE OF ACTION

12.     At all material times, Plaintiff was the Owner of the M/V CASTOR (the "Vessel").

13.     Pursuant to a charter party dated October 17, 2006, Plaintiff chartered the Vessel to Defendant.

14.     Under the terms of the charter party contract, Defendant was obligated to pay to Plaintiff demurrage at the rate of $21,000 per day, pro rata.

15.     During the course of the charter Defendant incurred demurrage charges in the sum of $67,520.78 which was due and payable to the Plaintiff, but which Defendant refused to pay despite Plaintiff's due demand.

16.     As a result of Defendant's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $67,520.78, exclusive of interest, arbitration costs and attorney's fees.

17.     Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

18.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Demurrage claim: | $67,520.78 |
| B. | Estimated interest on claims: 2 years at 7.%, compounded quarterly | $10,052.62 |
| C. | Estimated attorneys' fees: | $50,000.00 |
| D. | Arbitration costs/expenses: | $10,000.00 |
| **Total** | | **$137,573.40** |

## PRAYER FOR ISSUANCE OF PROCESS OF
## MARITIME ATTACHMENT AND GARNISHMENT

19.     The Defendant cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the

Defendant.

20.     The Plaintiff seeks an order from this court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States

Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by

any garnishees within the District for the purpose of obtaining personal jurisdiction over the

Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear

and answer under oath all and singular the matters alleged in the Complaint, failing which

default judgment be entered against it in the sum of **$592,373.48.**

B.     That the Court retain jurisdiction to compel the Defendant to arbitrate in

accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C.     That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$592,373.48** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other ganishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

      D.     That this Court recognize and confirm any arbitration award or judgment rendered on the claims asserted herein as a judgment of this Court;

      E.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

      F.     That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

      G.     That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: April 19, 2007
    New York, NY

            The Plaintiff,
            STAR TANKERS LTD.

By: _____
            Patrick F. Lennon (PL 2162)
            Nancy R. Peterson (NP 2871)
            TISDALE & LENNON, LLC
            11 West 42nd Street, Suite 900
            New York, NY 10036
            (212) 354-0025 – phone
            (212) 869-0067 – fax
            plennon@tisdale-lennon.com
            npeterson@tisdale-lennon.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    Manhattan
County of New York  )

1.    My name is Patrick F. Lennon.

2.    I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Tisdale & Lennon, LLC, attorneys for the

Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.    The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.    The source of my knowledge and the grounds for my belief are the

statements made and documents and information provided to me by the Plaintiff and agents

and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:        April 19, 2007
              New York, NY


                                        _____
                                        Patrick F. Lennon