Buchwald J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STAR TANKERS LTD.,

              Plaintiff,

- against -

WILMAR TRADING PTE LTD.,

              Defendant.
------------------------------------------------------------------X

07 CV 3150 (NRB)

ECF CASE

[FILED STAMP: 4/24/07]

## AMENDED
### EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS**, on April 19, 2007 Plaintiff, STAR TANKERS LTD., filed a Verified Complaint herein for damages amounting to **$592,373.48** and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Defendant's property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist; and

**WHEREAS**, on April 19, 2007 the Court issued an Ex Parte Order for Process of Maritime Attachment, authorizing the attachment of the Defendant's property within the District up to the sum of $592,373.48; and

**WHEREAS**, Plaintiff acknowledges receipt of partial payment of the sums in dispute between the parties having been paid by the Defendant to the Plaintiff subsequent to the Court's

issuance of the April 19, 2007 Ex Parte Order for Process of Maritime Attachment, leaving only the sum of **$137,573.40** in dispute between the parties; and

NOW, upon motion of the Plaintiff, t is hereby:

**ORDERED, that that any and all garnishees holding property of the Defendant under attachment pursuant to the Court's April 18, 2007 Ex Parte Order immediately release such property up to the sum of $454,800.08, and that all other property, funds, etc. of the Defendant continue to be held by such garnishees pending further order of the Court;** and it is further

**ORDERED**, that Pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other funds or property up to the amount of **$137,573.40** belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other ganishees to be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further order of the Court; and it is further

**ORDERED** that following initial service by the U.S. Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and

Garnishment, as well as this Order, may be made by facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

Dated: April 24, 2007

**SO ORDERED:**

_____
U. S. D. J.

4/24/07